Spear, J.
The facts necessary to a determination of the case sufficiently appear in the allegations of the pleadings not denied, and in the agreed statement.
Inasmuch as it is admitted that Tresenrider had been, duly appointed, confirmed, and qualified as fire engineer, as stated in the petition, the burden of maintaining Bryson’s claim to the office is properly cast upon him. It will be observed that the mayor undertook to declare a vacancy and to appoint Bryson to fill it. Was he vested with power to do this? The defendant rests his claim upon the order of the mayor, hereinbefore given, and the provisions of the ordinance, and expressly disclaims that the mayor undertook to act, in his order of Juñe 22, 1886, under section 1749 of the Revised Statutes. This is the section which gives the right to a mayor to suspend for “ neglect of duty, misconduct in office, or other sufficient cause,” and appoint another to fill the temporary vacancy, and that “ all such suspensions, and the cause thereof, and all such appointments, shall be by him reported to the council for their action at the next regular meeting thereafter.”
*464 The contention is that the facts, tinder a proper construction of the ordinance, show a vacancy to have occurred which the mayor might lawfully fill, and, upon this assumption, it is insisted that the only question before the court is this : “ When the term of office of a fire engineer of Columbus has expired, can a new appointee by the mayor, duly made and reported to the council, under any circumstances take possession of the office before the council has advised and consented to such appointment?” It is urged that this question should be answered in the affirmative. Illustrative of the force of this claim a supposed case is put of a vacancy caused by the death of an occupant of the office, and a name at once sent in to council by the mayor, upon which the council neglects to take any action for months ; if the appointee may not take charge of the office until confirmed, the fire department would be left without a head to direct its movements, leading to a lamentable state of affairs, and it is insisted that the cause of good order requires an affirmative answer; that such appointee should assume control of the department and continue until the council does act. It is urged, further, that by the language of the ordinance it is shown, that the appointment is made when the name is sent in by the mayor to the council, although that body has not advised and consented to it; that anytime after the appointment by the mayor the appointee may take the proper oath, give the required bond^and get the mayor’s approval thereof, which steps appear to be the only limitations on the appointee taking the office after his appointment; that the words “so appointed” refer to the act of the mayor in making the appointment, and not to that of the council in advising and consenting 'to it. This position is based upon the theory that a vacancy has actually occurred.
Unfortunately for this construction, the language of the ordinance will not admit of it. That instrument provides that “ such officer shall be appointed by the mayor by and with the advice and consent of the city council of said city, on the first Monday of June, &. B. 1871, and annually *465 thereafter, and shall hold his office until his successor is appointed and qualified.” It would seem clear that when the ■ordinance has provided a mode of appointment, to wit, “by the mayor by and with the advice and consent of the city council,” and that the engineer shall hold “until his successor is appointed and qualified,” there is hardly room for doubt that the purpose was to require, as a necessary element in an appointment, the consent of council; or for doubt that before the tenure of one who has been appointed by the mayor and confirmed, and has qualified for a regular term, can be considered as at an end, not only must the year have elapsed, but his successor must have been, in like manner, appointed and confirmed and qualified. The tenure might expire at the end of a year by the appointment and confirmation and qualification of a successor, but if no successor be so constituted, the incumbent continues as the lawful and rightful possessor of the office. If, in a strictly technical sense, the “ term” may be said to have expired, that would not determine the right to hold the office; nor would a vacancy in the office necessarily result, because the expiration of a “ term,” used in this narrow sense, does not always create a vacancy in the office. We are not dealing-with a ease where the office is limited by the constitution, or even by the law, to a holding of one year only. The section of the Revised Statutes, 1709, which provides for the selection of city officers, fixes the term of those who are appointed at one year, except as otherwise provided, and section 1713 provides for the continuance of the incumbent in office until his successor is qualified. And while it may be admitted that in a case where the term is, in the manner above suggested, limited to a stated time, with no provision for a longer holding, a vacancy would ensue at the expiration of the term if no successor had then qualified, such a condition of things is not here presented. The office could not be regarded as vacant while filled by one lawfully entitled to it, nor could an appointment made ostensibly to fill a vacancy, create one. It is manifestly *466 the design of the ordinance to secure to such office an incumbentwho possesses the confidence and approval, not only of the mayor, but also of the city council. Beyond this, the engineer is to hold his office, not only for one year, but “ until his successor is appointed and qualified.” The successor is one who is to take the place. The language implies that he is to succeed to all that the other enjoyed. . A mere ad interim appointee, not confirmed, is in no true sense the successor of one who has had a full term. To assume that one who is simply nominated by the mayor becomes a “ successor,” is to ignore an important feature of authority which the real successor is to have; he is not only to be clothed with such authority as his designation by the mayor gives him,- but with the approval of the council as well. Length of term also is an important right held by one who is really appointed. Even though the mayor’s appointee should take possession of the office he would have to retire unless the council approved. The mayor’s nomination alone could give him no right to continue, and without that right he could not enjoy the term provided, and could not be, in the fullest legal sense, a “ successor.” Besides, as no other mode of clothing such person with the power of a successor is pointed out, it results that he is to be so constituted in the same manner, and with the same acquiescence of council, that was necessary to constitute the predecessor a fire engineer. The term, “until his successor is appointed and qualified,” in this ordinance, therefore, should have the same effect as though it read, “ until his successor is, in like manner, appointed and qualified.” The manner in which an appointment is brought about, within the meaning of the ordinance, being given in the first instance, it is but natural to apply to the term “ appointed” the same signification in the succeeding passages of the ordinance as attaches to it where first used. The term, “person so appointed,” it seems to us, can have reference only to the person appointed in the mode pointed out in the ordinance by the preceding provisions, and can *467 not be held.to imply one appointed by less formality than is there made necessary.
This court held, in The State v. Howe, 25 Ohio St. 588, that “ where an officer appointed by the governer, by aud with the advice and consent of the senate, is authorized by law to hold his office for a term of three years, and until his successor is appointed and qualified, and no appointment of a successor is made by the regular appointing power at the expiration of his term of three years, the office does not become vacant; but the incumbent holds over as a de jure officer until his successor is duly appointed and qualified,” and no- reason is perceived why this rule would not control the case at bar.
As regards an appointment to fill a vacancy, it is not apparent that any different course of proceeding has been provided for. After making provision for the appointment of a successor to an engineer holding for a full'term, and indicating what steps are necessary to complete such an appointment, the ordinance next provides that “ all vacancies in said office shall in like manner, immediately upon the vacancy occurring, bé filled by appointment for the unexpired term, and until a successor is appointed and qualified.” This seems to require precisely the same formality of action by the council, whether the appointment be for a full term or to fill a vacancy. Then follows the language: “ The mayor shall, immediately upon making any such appointment, report the name of such appointee to the city council for its action thereon.” This necessity for submission to council apparently applies not less to an appointment to fill a vacancy than to one made the first Monday of'June, and enjoins upon the mayor no.greater duty in the one case than in the other. Again, by an appointment to fill a vacancy, as well as by the yearly appointment, the appointee is given the valuable right, not only to hold the office for a given time, but “until a successor is appointed and qualified.”
If this construction of the ordinance be the proper one, inasmuch as “ all vacancies ” would seem to include *468 one occasioned by death as well as one brought about by other means, it would appear that the language of the ordinance itself furnishes an answer to the case put by counsel, though we can hardly regard it as arising in-this case. The court is not called upon to hold what would be the power or duty of the mayor in case of a vacancy occasioned by death. Whether or not, in such an emergency, there might be found in the statutes some general grant of power to the mayor to direct a person to take charge of the department temporarily, and whether or not, if there exists such power, the person so authorized could be regarded as a “ fire engineer,” we need not here consider. As to the suggestion of danger from long delays, it is difficult to see how that consideration aids in giving construction to the ordinance, for there is no apparent reason why the law should assume that there would follow unnecessary or unreasonable delay in the action of the council in such emergency any more than in the action of the mayor*. The members of that body are chosen from the same constituency that selects the chief executive officer, and it is hardly to be presumed that they would not bring to the discharge of their duties the same high sense of devotion to the public good which would actuate the mayor. The following, from the opinion of Birchard, J., in The State v. Choate, 11 Ohio, 513, would seem to apply to a city government as well as to that of the state: “Arguments of this nature, which assume the possibility that a co-ordinate branch of government will wantonly violate its plain duty, ought to be held of little weight in a court of justice, where the-legal presumption obtains that everypublie functionary will faithfully observe the obligations of duty imposed upon him by his oath of office.” However this may be, the case before us is a wholly different one, and is, as we think, clearly covered by the terms of the ordinance. The fire engineer in office held under his appointment until his successor— one in the sense hereinbefore indicated — should be appointed and qualified. The nomination by the mayor not having been consented to by the council, no successor had been *469 appointed. Hence the term of the incumbent had not expired, and there was no vacancy.
This view of the limitations upon the power of the mayor seems to be in accord with the spirit of our statutes upon the subject of municipal corporations. The ordinance was authorized by the statute, is in subordination to it, and it is to bo presumed that the council, in passing it, was fully apprised of the law, especially as a direct reference to it is embraced in the ordinance itself. Section 1749, before referred to, makes adequate provision for suspension by the mayor for neglect, misconduct, or other sufficient cause. By clear implication there must be ground for such action before the mayor can suspend. Neither by the statute nor by the ordinance, nor by both, is'that officer vested with arbitrary power to suspend or remove at will. He may suspend for statutory cause; he may not without such cause. And when he assumes to act for cause he is authorized to appointanother person to fill the tempprary vacancy; and the requirement that all such suspensions and the cause thereof, and all such appointments, shall be reported to council at the next regular meeting, is for the purpose of invoking the supervisory action of council in the premises. That body may, in its discretion, approve or disapprove such suspension, and the disapproval terminates the vacancy, and the person appointed to fill it ceases to be an officer of the city. State v. Heinmiller, 38 Ohio St. 101. The purpose of the statute is further shown by reference to other sections of the title (XII), which treats of municipal corporations. Sections 2474, 2475, and 2476 recognize the office of fire engineer, aud make provision as to his duties and compensation. Section 1685, same title, provides that an officer “ appointed by authority of this title, except as otherwise provided therein, may be removed from office at the pleasure of the council by a vote of a majority thereof;” but in no case is a removal to be made unless a charge in writing is preferred and opportunity given to make defense. The statute and the ordinance will thus be found to supplement each other. The ordinance furnishes *470 what the statute lacks, to wit, a mode of appointment and qualification; and the statute supplies what is not provided in the ordinance, to wit, a mode of suspension and removal; but there is no power given'the mayor anywhere in the statutes to remove, and none to suspend except for cause, as before shown ; and it is manifest that the spirit of the statute forbids the attempt to exercise such power by that officer.
The allegations as to the misconduct of a portion of the council contained in the answer, and the insinuations of improper motives made upon the other side in the brief, we do not regard as affecting the question in any way. The court can not, in this case, consider the motives, nor private desires, nor designs, of 'either branch of the city government. We deal with official acts and determine their legal effect, but not with private or unofficial acts. The ordinance gives to the mayor the selection of a person for fire engineer. His position as chief executive officer of the municipal government would suggest that he possesses superior knowledge of the situation and needs of the fire department, and sufficient knowledge of the qualifications necessary to a satisfactory discharge of the duties of fire engineer, and it is not unreasonable to assume that the framers of the ordinance contemplated that all nominations to that office would be made with a purpose of conserving the public good, and that, in the ordinary course of business, the council would be content to apply but one test, viz., that of fitness, to any nomination made for that office, leaving the responsibility of change, if any, where the ordinance seems to have left it, with the mayor. If, in the performance of these duties, any have been governed by improper motives leading to unjustifiable conduct, the parties are not amenable to the court in this case, but to public opinion and to their constituents.
There being no vacancy in the office of fire engineer, June 22, 1886, and no power in the mayor to declare one or to suspend the incumbent, it follows that the action of the mayor in his order of above date, addressed to David D. *471 Tresenrider, was invalid and'without warrant of law, and that the defendant obtained no right nor authority under it. Tresenrider has, therefore, been, from his appointment in June, 1885, and continues to be, the fire engineer of the city of Columbus, and entitled to be recognized as such.

Judgment of ouster against Boyson. and of induction of Tresenrider, as prayed by the relator.